UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TINA C.,

     Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

Case No. C19-5735-MLP

ORDER

## I. INTRODUCTION

Plaintiff appeals reduction of her Social Security disability benefits based on receipt of certain state workers' compensation disability benefits. (Dkt. # 8.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for recalculation of benefits under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff has been found disabled for Social Security purposes. AR at 16. Plaintiff contends the Commissioner erred by reducing her Social Security benefits to offset a permanent partial disability (PPD) award from the State of Washington.[1] *Id.* at 24, 10.

---

[1] Plaintiff's Social Security benefits were also reduced because she received temporary total disability payments ("time-loss"), but Plaintiff does not challenge that reduction. AR at 106, 108.

### III. LEGAL STANDARDS

Social Security disability benefits are reduced when a claimant also receives "periodic benefits on account of his or her total or partial disability (whether or not permanent)." 42 U.S.C. § 424a(a).

### IV. DISCUSSION

No binding precedent has settled whether Washington PPD payments constitute periodic benefits justifying an offset. The only binding precedent addressing Social Security offset for PPD involved Oregon's law. The Ninth Circuit looked to the Oregon Supreme Court's interpretation of its legislature's intent and held that an offset was permitted because "even though the Oregon legislature has assigned specific dollar amounts to particular body parts, [PPD] payments are still 'designed to compensate for the economic loss of earning capacity.'" *Hodge v. Shalala*, 27 F.3d 430, 433 (9th Cir. 1994) (quoting *In re. Woodman*, 289 Or. 551, 614 P.2d 1162, 1164 (1980)).

The Commissioner contends Washington's statutory scheme resembles Oregon's, and thus the *Hodge* holding applies directly. (Dkt. # 9.) Plaintiff contends, under *Hodge*, this Court must look to Washington's intended purpose, which is to compensate for loss of bodily function, not loss of earnings as in Oregon's scheme. (Dkt. # 8, 10.) The Court agrees with Plaintiff.

The Commissioner argues that the plain language of 42 U.S.C. § 424a requires offset of "*any* payments under *any* state workers' compensation plan…." (Dkt. # 9 at 10 (emphasis added).) But the Ninth Circuit did not interpret the statute to apply uniformly to all states' plans. The court relied on an Oregon Supreme Court decision "emphasiz[ing] that 'the legislature intended workers' compensation benefits to provide *wage replacement*.'" *Hodge*, 27 F.3d at 433 (emphasis in original) (quoting *Cutright v. Weyerhaeuser Co.*, 299 Or. 290, 702 P.2d 403, 407

(1985)). Accordingly, this Court will similarly look to Washington's own courts' interpretation of the legislature's intent behind its PPD benefits, not the mechanism by which it calculates awards. Courts in both the Eastern and Western Districts of Washington have analyzed relevant Washington state case law, although they have reached differing conclusions.

### A. Federal Court Cases

In two cases, courts in the Eastern District of Washington held that the offset did not apply because Washington's law "serves a dual purpose and it is not designed solely to compensate for the economic loss of earning capacity." *Olson v. Colvin*, 31 F. Supp. 3d 1176, 1180 (E.D. Wash. 2014); *Wheatley v. Colvin*, Case No. C14-0346-RHW, Dkt. # 19 (E.D. Wash. Feb. 4, 2016). Courts in the Western District of Washington, however, have held in two cases that the offset does apply despite finding that "Washington law, unlike the Oregon scheme, specifically does not measure permanent partial disability by the loss of earning power." *Kreutner v. Astrue*, Case No. C09-5676-JRC, Dkt. # 17 at 4 (W.D. Wash. Jun. 8, 2010); *Sutton v. Colvin*, Case No. C14-1734-JPD, Dkt. # 31 (W.D. Wash. Jul. 16, 2015).

In an unpublished memorandum opinion, a three-judge panel of the Ninth Circuit reversed the district court's decision in *Sutton*, holding that a "Washington state permanent partial disability award was not a periodic benefit subject to offset." *Sutton v. Berryhill*, 677 F. App'x 341 (9th Cir. 2017). The Ninth Circuit held that the offset did not apply because "[u]nder Washington law," unlike Oregon law, "an award of workers' compensation benefits for permanent partial disability is not wage compensation intended to cover a claimant's lost earning capacity."[2] *Id.* at 342 (citing *Willoughby v. Dep't of Labor & Indus. of the State of Wash.*, 147

---

[2] The difference in purpose between Washington's and Oregon's PPD statutes is illustrated by the fact that, even with no loss of earning capacity, loss of testes is compensable in Washington on the grounds that "[o]ne has a right to remain in possession of all those useful members of his body which are provided

Wash.2d 725, 57 P.3d 611, 616-17 (2002)[3]; *McIndoe v. Dep't of Labor & Indus.*, 144 Wash.2d 252, 26 P.3d 903, 908 (2001)).

The Commissioner notes that an unpublished Ninth Circuit decision is not binding precedent on this Court. (Dkt. # 9 at 4-5, n.1 (citing 9th Cir. R. 36-3(a)).) An unpublished opinion may, however, be cited for its persuasive value. Fed. R. App. P. 32.1. The Commissioner offers no argument as to why the Ninth Circuit's interpretation of Washington state case law in *Sutton* is unpersuasive. Although *Sutton* is not binding precedent, the Court finds its interpretation of Washington state case law persuasive.

### B. Washington State Case Law

Plaintiff contends that Washington PPD payments are intended to compensate for loss of bodily function. (Dkt. # 10 at 3.) The Commissioner argues that the "overall purpose" is to compensate for loss of earning power. (Dkt. # 9 at 6.) The Court agrees with Plaintiff.

In a case permitting PPD payments in addition to permanent total disability payments for certain unrelated injuries, the Washington Supreme Court considered the state's argument that PPD compensated for loss of earning ability only and the plaintiffs' argument that it compensated for loss of bodily function only, and concluded that "both considerations are reflected in the statutory scheme." *McIndoe*, 26 P.3d at 908. The court held that the "fact that the Legislature took a presumed possible loss of earning power into consideration … does not lead to the conclusion that the only purpose of the statutes is to compensate for lost wages." *Id*.

In a case holding prisoners were entitled to PPD payments, the Washington Supreme Court rejected the state's interpretation of *McIndoe* that wage compensation was a partial

---

by nature," but not compensable in Oregon. *Kostida v. Dep't of Labor & Indus.*, 139 Wash. 629, 247 P. 1014, 1016 (1926); Wash. Admin. Code 296-20-680(23); Or. Rev. Stat. § 656.214(3).
[3] Abrogated on other grounds by *Yim v. City of Seattle*, 451 P.3d 694, 703 n.6 (2019).

purpose of PPD awards. *Willoughby*, 57 P.3d at 616. The court held that "the wage loss rationale is inconsistent with the principle that an injury may be fully compensable, while having no effect at all on the worker's wage-earning capacity." *Id*. "[T]he purpose of permanent partial disability benefits is to compensate injured workers for the loss of bodily functions…." *Id.* at 617.

The Commissioner's citation to a 1950 Washington Supreme Court case does not convince the Court otherwise. (Dkt. # 9 at 6 (quoting *Franks v. Dep't of Labor & Indus.*, 35 Wash.2d 763, 215 P.2d 416 (1950).) In a time when juries could determine PPD awards, the *Franks* court affirmed the grant of a new trial because a jury instruction mentioned earning power when "[s]o far as the jury is concerned, [PPD] involves only the loss of bodily function, and is [not measured] by the loss of earning power…." 215 P.2d at 424. The fact that the "theory" underlying workers' compensation was loss of earning power was irrelevant. *Id*. *Franks* does not show that the legislature's intent was to compensate for lost earning power, when "two claimants with precisely the same injury to the back should be awarded identical percentages of permanent partial disability, although one claimant may have twice as much earning power as the other." *Id.*; *see also Fochtman v. Dep't of Labor & Indus.*, 7 Wash. App. 286, 499 P.2d 255, 260 (Wash. Ct. App. 1972) ("The trier of fact, however, merely determines the loss of bodily function in determining the extent of permanent partial disability.").

The Commissioner's citation of a concurring opinion in *Hubbard* is also unavailing. (Dkt. # 9 at 6 (citing *Hubbard v. Dep't of Labor & Indus.*, 140 Wash.2d 35, 992 P.2d 1002, 1007 (2000)).) The concurrence would have disallowed certain later benefits on the grounds that PPD awards are intended to compensate for present as well as future losses. *Hubbard*, 992 P.2d at 1007, 1008 (Talmadge, J., concurring). The question of whether the legislature's intent was to compensate for lost wages or loss of bodily function was not before the court.

Under the precedent set in *Hodge*, when the purpose of a state workers' compensation benefit program is wage replacement, the federal offset will apply. *Hodge*, 27 F.3d at 433. However, the Washington Supreme Court expressly held in *Willoughby* that the purpose of PPD payments is to compensate for loss of bodily function, not lost wages. Accordingly, the federal offset will not apply.

Finally, the Commissioner argues that the intent of the offset provision could be defeated if states could merely designate compensation as "benefits for other than loss of earning capacity." (Dkt. # 9 at 11.) But here, Washington has not simply labeled its benefits differently; in fact, both Washington and Oregon label their benefits as PPD awards. Washington's intent, however, is to compensate for loss of bodily function. The intent is well illustrated by examples such as PPD awards to prisoners who have no earning capacity; for loss of testes with no loss of earning capacity; and even in certain cases where permanent *total* disability benefits are also awarded. Washington's award of benefits for loss of bodily function does not implicate the federal law's intent to avoid duplication of awards for loss of earning capacity.

The Court concludes the Commissioner erred by reducing Plaintiff's benefits based on her PPD award.

V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for recalculation of benefits under sentence four of 42 U.S.C. § 405(g).

Dated this 9th day of January, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6